79,903-02

CAUSE NO.
12-05-05302-CR-(2)

EX PARTE

HOKE HENRY EBERHARDT

IN THE DISTRICT COURT FOR THE

221ST. JUDICIAL DISTRICT

MONTGOMERY COUNTY, TEXAS

APPLICANT'S OBJECTIONS
TO HABEAS COURTS REPORT AND FINDING.

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 13 2015
Abel Acosta, Clerk

GROUND ONE:

The Appellant argued that his Attorney was ineffective for not moving to have the charges dissmissed when the State failed to indict him with a properly charging instrument in violation of State Statutory Rights. Article 32.01 and 28.061. See Code Of Criminal Procedure. The State has stated that the Appellant argued that he was being held with out being indicted. This is patently false. The Appellant argued that this was not a properly charging instrument because either of the first two indictments, first one being attempted capital murder on a public servant, and the second being crimenal attempt were not properly charging instruments in violation of due process. The third indictment was untimely in violation of Saate Statues Procedural Rights Appellant is entitled to. The State failed to mention the due process violation inwhich the Supreme Courts talks about limiting the possibility of the accused defence being impaired. This is exactly the case with the accused. His Attorney was ineffective for failing to protect his States Statutory Rights 32.01 and 28.061 as well, and most importantly his due process right that effected his abillity to put up a affirmative defense being indicted two times before being charged with a properly charging instrument.

(1)

## GROUND TWO:

The State argues that Appellants argument on the admonishment is not cognizable on 11.07 is not true, under the rule of cognizability an Appellant must show a jurisdictional defect in the convicting court or the denial of a fundamental or constitutional right Exparte William 65 S.W. 3rd. at 657. Applicant asserts his plea was not intelligent and voluntarily made. Appellant argues that the trial Judges admonishment of Appellant was incomplete in vidation of Boykin as well as **Kniatt v. State.** This incomplete admonishment cannot be presumed from a silent record, and his claim is cognizable on a 11.07 because it is a denial of a fundamental constitutional right due process under the 5th Amendment to the Constitution. Appellant is entitled to a reversal on this ground.

## GROUND THREE:

Appellant argues that counsel was in effective for failing to filr a motion to suppress. That if she had investigated the charges in relation to the Penal Code she would have found that there was no proof to support the charge see, **Jackson v. Virginia** cite as 99 S.CT pg. 2781. Due process requires that no person be made to suffer the onus of a criminal conviction except upon sufficient proof. Defined as evidence resonable doubt of the existence of every element of the offense. U.S.C.A Const. Amend 14. Appellants attorney was ineffective for failing to challenge indictment based on objective record, and the Penal Code.

## GROUND FOUR:

What the State is calling impeachment is actually a violation of Appellants 5th, 6th and14th Amendments under miranda as well as Art.38.22 Texas Code Of Crimenal Procedure, when statements may be used. A statement made in language the Accused can read or understand (A) is signed by the Accused or (B) bears the mark of the Accused if unable to write, and the mark is witnessed by a person other than a peace officer. In both of the

(2)

cases cited by the State. Exparte Gardner, 959 S.W. 2d 189, 199 and __Soria v. State__ they waived their right before talking to a Psychiatrist. This was not the case with Appellant, who had benn critically injured and was incapable mentally and physically of waiving his rights. It appears that the State is saying that Appellant is just making unwarned custodial statements. Rather than answering questions from Detective Hill's custodial interrogation which is clearly the case if you listen to the Prosecutor asking Appellant, due you remember telling the detective that you had the gun in your hand. In violation of miranda. In any case the Appellant remembered that the detective was there with a camera, so there should be and there is a video record of the interrogation in the hospital. This case cries out for a evidintiary hearing. To prove just what happend in Apellants Hospital room. The Detective should be subpena and placed under oath and any video0evidence should be viewed by the Habeas Court for this most serious of Constitutional violation. This is not "Staling Russia" but the State of Texas, home of the Alamo, and the Court Of Crimenal Appeals has a duty to protect it's citizens from this type of government overreach. Appellant is entitled to a evidentiary hearing and a remand and reversal on this ground.


## GROUND FIVE:


The state argues that there is no evidence that was used against Appellant when Appellant was taken before a Magistrate with in forty-eight hours of his arrest. In violation of State Statue 15.17. As Appellant stated Detective Hill, interrogated Appellant in vio0ation of Miranda. Then the Prosecutor used those statements at trial to prove the elements of their indictment. So to say there was no evidence that was unlawfully obtained is false. While the Appellant was critically injured the State, still found a way to interview him in violation of his fifth, six and fourteen Amendment rights as well as violating Articles 9 and 10 of the Texas Constitution. If the State had been as dilligent in taking the Appellant before a magistrate as they were ingathering evidence. Even if doing it

(3)

by some form of electronic communication. The Magistratete could have appointed counsel and ordered a examining trial. Under Article 16.01 it would have shown that the evidence was legally insufficent to support a indictment of Aggravated Assault on a Public Servant. Based on the Penal Code where it states you have to know it's a officer. Nothing in the objective record supports this claim. So to say Appellant sufferd no prejudice under **Strickland v. Washington**, 466 U.S. 668, 694 [1994] is not true. There is a very real possibility He would never have been charged with the charges. At any rate His Attorney was ineffective for failing to protect these procedural rights the Appellant was entitled to. The S.CT in **Williams v. Taylor** 120 S.CT 1495 say where Appellant is denied procedural or substantual rights in which he is legally entitled. Prejudic is determined routinely under strickland. Appellants Attorney should have filed a motion to suppress. And he should be allowed to with draw his guilty plea.

## GROUND SIX:

Appellant complained that his Attorney was ineffective for not asking for a limiting instruction when the Prosecutor introduced all of the Inflammatory and Prejudicial statements in violation of Appellants right to due process and a fair trial where evidence was introduced that Appellant was never convicted of such as hitting Mr. Abe Ester with a 2X4 or assaulting Ms. Allen or keeping her against her will. Nor was he arrested for these things or even questioned by police.There is nothing in the objective record that proves that the Defendant committed or was convicted of these acts. It Was done simply to prejudice thejury. Appellant should have been given a limiting instruction see **Pederson v. State**, 237 S.W.3rd 882, 889 [Tex. Crim. Appl. 2007] citing **Morrison v. State** 845 S.W. 2d 887 [Tex.Crim. Appl. 1992] and **Rankin v. State** 974 S.W. 2d at 712. Appellant councel was ineffective.

(4)

# GROUND SEVEN:

Appellant has shown from the objective record by a proponderance of evidence that the Appellant is entitled to relief. His Attorney was ineffective in ground one when she failed to file a motion to dissmiss the charges when the State failed to file a properly charging instrument in violation of State Statues 32.01 and 28.061 as well as the Fifth Amendment due process, trial court set aside, quashes or dismisses indictment for defect of form or substance. Defendent has been denied Constitutional right to speedy trial and no charging instrument is properly presented. **State v. Terrazas**, 933 S.W. 2d 263[Tex.App.El Paso 1996]. Appellant was entitled to relief on ground one. Second, Counsel was ineffective under A.B.A. standards for failing to file a motion to suppress when Prosecutors argued that Appellant knowingly assaulted officers in violation of Penal Code 22.02 when the objective record does not support this claim. In violation of Due Process. A fundamental right under U.S Constitution and thus is cognizable on a 11.07.

Third, Counsel did not object when the State introduced evidence in violation of Miranda, when State was trying to prove the elements in the indictment of Aggravated Robbery and Assault on a Public Servant in violation of His fifth and Sixth and fourteenth amendment rights. This violation is even more grievous. In that Appellants Attorney had in her possesion this custodial interrogationbox video tape and viewdd it with the Appellant. Yet at trial she did not object when this evidence was introduced at trial. A violation of his sixth Amendment right, a fundamental right cognizable on 11.07.

Four, Counsel was ineffective for failing to file a motion to suppress in violation ofgArticle 15.17 when Appellant was not taken before a Magistrate until around three weeks after he was arrested. If counsel had investigated Appellants case after being appointed she would have discovered this violation. She was ineffective under the sixth Amendment.

(5)

Five; counsel was ineffective for not asking for limiting instructions and not protecting Appellants rights to a fair trial under the Due Process clause of the U.S. Constitution.

And last a the Appellant pointed out the Court Of Crimenal Appeal has allready found counsel to be ineffective for not filing notice of appeal and should do so again. For her numerous Constitutional erross.

The States report and findings are not fairly supported by the record and are contrary to well established State and Federal law as outlined in each arguement in this rebuttal Appellant is entitled to a evidentiary hearing after which he should be released from custody.


Date: July 3, 2015                    By: Hoke Henry Eberhardt

                                      x Hoke Henry Eberhardt


## Certificate Of Service

I here by certify that I mailed a copy of the foregoing to the Montgomery Copnty District Attorney, 9th Judicial District. 207 W. Phillips 2nd floor Conroe, Texas 77301-2824

I would ask the Clerk to please forward a copy to the Attorney General since Appellant has no way to make copies. Thank You